UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISADORE CHRISTOPHER DIAZ,

Petitioner,

v.

EDWARD BORLA,

Respondent.

Case No. 26-cv-01087-NW

**ORDER SCREENING PETITION, DISMISSING WITH LEAVE TO AMEND**

Petitioner Isadore Christopher Diaz, a state prisoner, filed the instant pro se petition for writ of habeas corpus.  The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases.  For the reasons set forth below, the petition is **DISMISSED WITH LEAVE TO AMEND**.

I.    **BACKGROUND**

Diaz entered a nolo contendere plea in Santa Clara County Superior Court to second degree murder (Cal. Pen. Code § 187(a)), battery causing serious bodily injury (Cal. Pen. Code § 245(a)(4)), misdemeanor battery (Cal. Pen. Code § 243(d)), brandishing a weapon (Cal. Pen. Code § 417(a)), and resisting arrest (Cal. Pen. Code § 148(a)(1)).[1]  The charges arose from a series of incidents at the Buena Vista Mobile Home Park in Palo Alto on June 24, 2019, during which Diaz allegedly stabbed neighbor Timothy Wood while the men smoked methamphetamine, battered a neighbor who was nearby as Diaz tried to flee the site of the murder, battered a different neighbor who refused to drive him out of the mobile home park, and attempted to punch a sheriff deputy after Diaz was arrested and transported to county jail.  *See* ECF No. 1 at 15-16.

---

[1] Unless otherwise noted, the allegations and background in this section are from Diaz's petition for writ of habeas corpus, ECF No. 1.

Diaz alleges that the trial court violated his Fourteenth Amendment rights in denying his sentencing motion to dismiss a prior strike pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), and that the California Court of Appeal violated his Fourteenth Amendment and Sixth Amendment rights when it found that Diaz could not challenge his plea despite alleged false testimony by unnamed witnesses and Diaz's "misunderstanding" of the consequences of the plea due to his brain injury, which rendered his plea "unknowing and unintelligent." ECF No. 1 at 36. Specifically, Diaz alleges as follows:

> The reason why Diaz did not really understand his plead can be demonstrated by Psy. D. Laeeq Evered's report indicating Diaz has serious brain damage, PTSD, scores suggest he has great difficulty processing more th[a]n modestly complex information, his accuracy becomes seriously impaired, he was shot in the head, had a car accident head injury, he is unable to adequately understand what he is responding to as things become complex or stressful, Diaz ability to understand and resolve challenges is more similar to that of a 12 year old child than adult. . . I didn't really understand what I was doing when I signed. I didn't know I was taking two strikes.

ECF No. 1 at 35. He cites to *Boykin v. Alabama*, 395 U.S. 238 (1965) in support of his claim.

## II.    LEGAL STANDARD

District courts may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## III.    DISCUSSION

The Court discusses each claim below.

### A.    Denial of *Romero* Motion

Whether the trial court correctly used its discretion in denying Diaz's *Romero* motion is a matter of state—not federal—law. *Brown v. Mayle,* 283 F.3d 1019 (9th Cir. 2002), *overruled on other grounds,* 538 U.S. 901 (2003) (holding that a trial court's refusal to exercise its discretion and strike prior felony convictions is not cognizable on federal habeas review). State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or

2

applied. *See Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Here, because Diaz's claim challenges the correctness of the trial court's use of its discretion, unless he can explain how his constitutional rights were violated, Diaz cannot state a constitutional claim. *See, e.g., Smith v. Ryan*, 823 F.3d 1270, 1282 (9th Cir. 2016).

Accordingly, the Court finds that Diaz's current *Romero* claim is not cognizable and must be dismissed. Diaz is granted **LEAVE TO AMEND** so he may explain how the trial court's denial of his *Romero* motion implicated his constitutional rights, provided he can do so in good faith.

### B.     Challenge to Plea

Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 46 Cal. App. 4th 947, 959 (1996)). A defendant who pleads guilty or nolo contendere generally may not collaterally challenge a voluntary and intelligent guilty plea entered with the advice of competent counsel. *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973). After a defendant has entered a guilty or *nolo contendere* plea, the only challenges left open on federal habeas corpus review concern the (1) voluntary and intelligent character of the plea; and (2) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)).

Here, to the extent that Diaz complains about alleged false testimony prior to his conviction, federal habeas relief on this claim is barred by his subsequent nolo contendere plea except in circumstances not present here. *See Tollet*, 411 U.S. at 266–67 (generally, guilty plea forecloses consideration of pre-plea constitutional deprivations); *see also Haring v. Prosise*, 462

United States District Court
Northern District of California

U.S. 306, 320 (1983) (jurisdictional challenge permitted on federal habeas following guilty plea); *Menna v. New York*, 423 U.S. 61 (1975) (double jeopardy challenge permitted).  However, Diaz's claim that his brain damage impaired his ability to understand his nolo contendere plea, rendering the plea "unknowing and unintelligent" in violation of *Boykin*, 395 U.S. 238, is not plainly meritless, and warrants an answer from Respondent.  ECF No. 1 at 36.

## IV.   CONCLUSION

The Court orders as follows:

1.  Diaz's claim that his nolo contendere plea violated his constitutional rights under *Boykin*, 395 U.S. 238, is not plainly meritless and warrants an answer from Respondent.

2.  The remaining claims are dismissed as specified above.

3.  Diaz has been granted leave to amend his petition as to his sentencing claim only. The amended petition must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words "Amended Petition" on the first page.  Because an amended petition completely replaces the original, Diaz must include all claims and allegations of fact to support his claims.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Diaz is cautioned that he may not incorporate material from the prior complaint by reference.  He must reallege all claims he wants to pursue within the body of his amended petition, including his cognizable *Boykin* claim.  **Failure to amend within the designated time will result in this action moving forward only as to Diaz's claim under *Boykin*, 395 U.S. 238.**

4.  It is Diaz's responsibility to prosecute this case.  He must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

United States District Court
Northern District of California

5.  The Clerk is requested to send a blank habeas corpus petition form to Diaz with his copy of this order.

**IT IS SO ORDERED.**

Dated: May 18, 2026

Noël Wise
United States District Judge