United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISADORE CHRISTOPHER DIAZ,
Petitioner,

v.

EDWARD BORLA,
Respondent.

Case No. 26-cv-01087-NW

**ORDER SCREENING AMENDED PETITION, TERMINATING MOTION FOR EXTENSION OF TIME AS MOOT**

Re: ECF No. 12

Petitioner Isadore Christopher Diaz, a state prisoner, filed the instant *pro se* amended petition for writ of habeas corpus.[1] *See* ECF No. 13. The petition is now before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases. For the reasons set forth below, the Court **DISMISSES** Diaz's state law claim and **ORDERS** Respondent to file an answer showing why the petition should not be granted as to the remaining claim.

## I. BACKGROUND

Diaz entered a nolo contendere plea in Santa Clara County Superior Court to second degree murder (Cal. Pen. Code § 187(a)), battery causing serious bodily injury (Cal. Pen. Code § 245(a)(4)), misdemeanor battery (Cal. Pen. Code § 243(d)), brandishing a weapon (Cal. Pen. Code § 417(a)), and resisting arrest (Cal. Pen. Code § 148(a)(1)).[2] The charges arose from a series of incidents at the Buena Vista Mobile Home Park in Palo Alto on June 24, 2019, during which Diaz allegedly stabbed neighbor Timothy Wood while the men smoked methamphetamine,

[1] Petitioner filed a motion seeking an extension of time to file his amended petition but subsequently filed the petition before his deadline. *See* ECF Nos. 12, 13. The motion for extension of time (ECF No. 12) is **TERMINATED** as moot.

[2] Unless otherwise noted, the allegations and background in this section are from Diaz's amended petition for writ of habeas corpus, ECF No. 13.

battered a neighbor who was nearby as Diaz tried to flee the site of the murder, battered a different neighbor who refused to drive him out of the mobile home park, and attempted to punch a sheriff deputy after Diaz was arrested and transported to county jail. *See* ECF No. 13 at 16-17.

Diaz again alleges that the trial court violated his Fourteenth Amendment rights in denying his motion to dismiss a prior strike pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), and that the California Court of Appeal violated his Fourteenth Amendment and Sixth Amendment rights when it found that Diaz could not challenge his plea despite alleged false testimony by unnamed witnesses and Diaz's "misunderstanding" of the consequences of the plea due to his brain injury, which rendered his plea "involuntary," and "unknowing and unintelligent." ECF No. 13 at 25. Specifically, Diaz alleges as follows:

> The reason why Diaz did not really understand his plead [sic] can be demonstrated by Psy. D. Laeeq Evered's report indicating Diaz has serious brain damage, PTSD, scores suggest he has great difficulty processing more th[a]n modestly complex information, his accuracy becomes seriously impaired, he was shot in the head, had a car accident head injury, he is unable to adequately understand what he is responding to as things become complex or stressful, Diaz ability to understand and resolve challenges is more similar to that of a 12 year old child than adult. . . I didn't really understand what I was doing when I signed. I didn't know I was taking two strikes.

ECF No. 13 at 24. He cites to *Boykin v. Alabama*, 395 U.S. 238 (1965) in support of his claim.

## II. LEGAL STANDARD

District courts may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that [the person] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

## III. DISCUSSION

The Court discusses Diaz's claims below.

### A. Denial of *Romero* Motion

As noted in this Court's prior screening order, whether the trial court correctly used its

discretion in denying Diaz's *Romero* motion is a matter of state—not federal—law. *Brown v. Mayle,* 283 F.3d 1019 (9th Cir. 2002), *overruled on other grounds,* 538 U.S. 901 (2003) (holding that a trial court's refusal to exercise its discretion and strike prior felony convictions is not cognizable on federal habeas review). State law claims are not remediable on federal habeas review, even if state law was erroneously interpreted or applied. *See Swarthout v. Cooke,* 562 U.S. 216, 219 (2011) (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). Here, Diaz challenges the correctness of the trial court's use of its discretion and Diaz has not, despite being given the opportunity to do so, explained how the trial court's denial of his *Romero* motion resulted in a violation of his constitutional rights. *See, e.g., Smith v. Ryan*, 823 F.3d 1270, 1282 (9th Cir. 2016). Accordingly, the Court finds that Diaz's current *Romero* claim is not cognizable and must be **DISMISSED**. As Diaz has already been granted an opportunity to address the deficiency and he failed to do so, dismissal is without leave to amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

**B. Challenge to Plea**

Under California law, a "plea of nolo contendere 'is the functional equivalent of a guilty plea.'" *United States v. Anderson*, 625 F.3d 1219, 1220 (9th Cir. 2010) (quoting *People v. Whitfield*, 46 Cal. App. 4th 947, 959 (1996)). A defendant who pleads guilty or nolo contendere generally may not collaterally challenge a voluntary and intelligent guilty plea entered with the advice of competent counsel. *United States v. Broce*, 488 U.S. 563, 574 (1989); *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Nor may a defendant collaterally attack the validity of his plea merely because he made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).

A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319–20 (1983); *Tollett v. Henderson*, 411 U.S. 258, 266–67 (1973). After a defendant has entered a guilty or *nolo contendere* plea, the only challenges left open on federal habeas corpus review concern the (1) voluntary and intelligent character of the

plea; and (2) adequacy of the advice of counsel. *Womack v. Del Papa*, 497 F.3d 998, 1002 (9th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)).

Here, to the extent that Diaz complains about alleged false testimony prior to his conviction, federal habeas relief on this claim is barred by his subsequent nolo contendere plea except in circumstances not present here. *See Tollet*, 411 U.S. at 266–67 (generally, guilty plea forecloses consideration of pre-plea constitutional deprivations); *see also Haring v. Prosise*, 462 U.S. 306, 320 (1983) (jurisdictional challenge permitted on federal habeas following guilty plea); *Menna v. New York*, 423 U.S. 61 (1975) (double jeopardy challenge permitted). However, Diaz's claim that his brain damage and psychiatric conditions impaired his ability to understand his nolo contendere plea, rendering the plea "involuntary," "unknowing[,] and unintelligent" in violation of *Boykin*, 395 U.S. 238, is not plainly meritless, and warrants an answer from Respondent. ECF No. 13 at 25.

## IV. CONCLUSION

The Court orders as follows:

1. Diaz's motion for an extension of time to file an amended petition (ECF No. 12) is **TERMINATED** as moot.
2. Diaz states a cognizable claim under *Boykin*.
3. Diaz's claim regarding the denial of his *Romero* motion is **DISMISSED WITHOUT LEAVE TO AMEND**.
4. The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall also mail a copy of this order to Diaz.
5. Within 60 days of the issuance of this order, Respondent is **ORDERED** to file with the Court and serve on Diaz an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

should not be granted. Respondent shall file with the answer and serve on Diaz a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

6. If Diaz wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.
7. In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Diaz must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Diaz' opposition is served and filed.
8. Diaz is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.
9. Diaz must also keep the Court and Respondent informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated: July 20, 2026

Noël Wise
United States District Judge